(No. 3582—)

JOHN LOCKETT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1942.*

SAMUEL S. MILLER, AND ROBERT L. BRODY, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

On June 20th, 1940, and for some time prior thereto claimant was employed by the respondent in the Division of Highways as a laborer working on repairs, maintenance and construction of highways in the State of Illinois. On the last mentioned date, while in the discharge of his duties, he slipped and fell and sustained a comminuted compound fracture of the middle metacarpal bone of the right hand. He was given first aid by a fellow employee, and sent to his home at 3849 South Michigan Avenue, Chicago. Claimant then called Dr. Samuel W. Chavis of 3439 South Michigan Avenue in Chicago, who cleaned the wound, and put on a palmer cast. Dr. Chavis treated the claimant's hand from the date of the injury until the 6th day of August, 1940.

On August 8th, 1940, on orders of the respondent the claimant was placed under the care of Dr. H. B. Thomas,

Professor of Orthopedics, at the University of Illinois Medical College, for examination, and further treatment. On October 22nd, Dr. Thomas discharged the claimant from treatment, and reported to the Division as follows:

"Examination on August 8th, showed a swollen dorsum of right hand. Could not make a fist, fingers flex about fifty (50%) per cent. X-rays showed a fracture of index and middle metacarpals with angulation of distal fragment of third (3rd) forward. Complete callus. This fracture was never set. We got the patient seven weeks after the injury. The over-riding fragments make an ugly deformitory over the back of the hand. This will reduce some, but there will always be a deformity. Today patient can touch palms with tips of fingers, swelling gone and 3rd head is retracted about ¼ inch as compared with 2nd and 4th. Discharged to go on full duty. Prognosis—good."

Evidence was taken in this case in Chicago on April 4th, 1941, at which time Dr. Samuel W. Chavis testified that in his opinion the degree of functional loss of use of claimant's right hand was fifty (50%) per cent. At a further hearing of this cause on the 5th day of May, 1941 in Chicago, Dr. S. I. Winer testified as an expert, expressing an opinion that the condition as of January 18, 1941, when he examined claimant, was permanent, and that he had suffered a total loss of use of the hand for industrial purposes. Dr. Winer had not treated the claimant and apparently had not seen him prior to the last mentioned date.

This claimant was not cooperative with his physician. On August 16, Dr. Thomas advised claimant that to improve his hand condition he should exercise with what was called the ball exercise. On August 29th, Dr. Thomas advised the claimant to try light work, and to take physiotherapy treatments two or three times a week. On October 4th, Dr. Thomas reported:

"John Lockett returned October 3rd. His hand was examined. All the fingers closed well except the right middle finger, but it has improved considerably since he first began treatment. Passively it can be closed. He is planning to return to work Monday (October 7) but will continue treatment."

Claimant neither reported for light duty when advised to do so or full duty when discharged by his physician.

Upon consideration of the facts of the record we find as follows: That on the 20th day of June 1940, claimant and respondent were operating under the provisions of the Workmen's Compensation Act; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to

said respondent, and claim for compensation on account thereof was made within the time required by the provisions of such act; that the earnings of the claimant or his predecessor, during the year preceding the accident was $800.00 per annum, figuring on a two hundred day year, and that his average weekly wage was $15.38, making his compensation rate $8.46, which includes the increase as provided in Paragraph (L) of Section (8) of the Act. That the claimant at the time of the injury was forty-five (45) years of age, married, and had no children under the age of sixteen (16) years; that all necessary first aid, medical, and surgical services were provided by the respondent; that claimant was temporarily totally disabled from the date of his injury as aforesaid, until October 7, 1940, to-wit for a period of fifteen and four sevenths weeks (15 4/7); that he also suffered the permanent loss of fifty (50%) per cent of the use of his right hand.

We further find that claimant is entitled to have and receive from the respondent the sum of $8.46 per week for fifteen and four sevenths (15 4/7) weeks for temporary total disability, in accordance with the provision of Paragraph (b) Section (8) of the Workmen's Compensation Act, and the further sum of $8.46 per week for a period of eighty-five (85) weeks for the permanent loss of fifty (50%) per cent of the use of the right hand in accordance with the provisions of Paragraph (e-12) of Section (8) of such Act.

We further find that the claimant has been paid the sum of $89.64 for non-productive time which must be considered as payment of compensation and deducted from the amount which he is entitled to have and receive as above set forth.

We further find that all the compensation due to claimant, as aforesaid has accrued at this time.

An award is therefore entered in favor of claimant John Lockett, for the sum of Seven Hundred Sixty-One Dollars and Sixteen Cents ($761.16).

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such an Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.